**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7522**

BILAL A. AL-HAQQ,

            Plaintiff - Appellant,

      v.

SGT OLIVER WASHINGTON,

            Defendant - Appellee,

      and

JOHN PATE, Warden; MAJOR WALTER WORRICK; AW RANDALL
WILLIAMS; LT RICHARD JENKINS; LT TYLER; CPL MARVIN BRYANT;
MS. EDITH WETHERBEE; MRS. VIRGINIA GRUBBS; MS. V. JONES,
official and individual capacity,

            Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Timothy M. Cain, District Judge.
(2:13-cv-02867-TMC)

Submitted:  March 29, 2016            Decided:  March 31, 2016

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Remanded by unpublished per curiam opinion.

Bilal A. Al-Haqq, Appellant Pro Se.  Mary Bass Lohr, James
Andrew Yoho, HOWELL, GIBSON & HUGHES, PA, Beaufort, South

Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bilal A. Al-Haqq, a South Carolina prisoner, seeks to appeal the district court's order adopting the magistrate judge's recommendation and denying relief on his 42 U.S.C. § 1983 (2012) complaint. Parties in a civil action in which the United States is not a party have 30 days following entry of judgment in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Because Al-Haqq is incarcerated, the notice of appeal is considered filed on the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The record does not conclusively reveal when Al-Haqq delivered the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

3